IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALI SADIQYAR, | : |
| | : Case No. 2:19-cv-04292 |
|     Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Vascura |
| MISSION ESSENTIAL, LLC, et al. | : |
| | : |
|     Defendants. | : |
| | : |

## OPINION & ORDER

This matter is before the Court on Defendant Mission Essential, LLC's Partial Motion to Dismiss Plaintiff's Amended Complaint against Defendant for failure to state a claim under the California Fair Employment and Housing Act ("FEHA") and California public policy. (ECF No. 28). For the following reasons, Defendant's motion to dismiss is **GRANTED.**

### I.    BACKGROUND

#### A. Factual Background

Mission Essential ("Defendant"), a limited liability company in Ohio, provides interpreters and linguists to state, federal, and global agencies. (ECF No. 15). Defendant hired Ali Sadiqyar ("Plaintiff"), a California citizen, to work as a "Linguist Operations Contractor" in Afghanistan. (ECF No. 27 at 3). While in Afghanistan, Plaintiff suffered an enlarged prostate due to work-related stress and an environment in a "war zone." *Id.* Plaintiff alleges he informed his supervisors of his condition; however, Plaintiff's supervisors did not send him to receive medical treatment or offer accommodations for his work-related conditions. *Id.* 3-4. Plaintiff's health deteriorated, so he reported his condition to Defendant. *Id.* Thereafter, Defendant terminated Plaintiff's employment on the pretext of "no positions available." *Id.* at 3. While

1

Plaintiff's return home was pending, he lived in a transit room for 26 days. *Id.* Plaintiff's lawsuit alleges Defendant committed multiple violations of the Fair Employment and Housing Act ("FEHA") and California public policy. *Id.*

### B. Procedural Background

On May 30, 2019, Plaintiff filed suit in the Superior Court of California, City of Los Angeles, stating five claims against Defendant: (1) perceived and/or disability discrimination in violation of the FEHA; (2) failure to prevent disability discrimination in violation of the FEHA; (3) failure to provide reasonable accommodation in violation of the FEHA; (4) failure to engage in the interactive process in violation of the FEHA; and (5) retaliation and wrongful termination in violation of California public policy, based on the public policy set forth in the FEHA. (ECF No. 1-3). On July 2, 2019, Defendant removed the action from the Superior Court of California to the Central District Court of California based on diversity jurisdiction. (ECF No. 1). Since California had no nexus to the lawsuit— Plaintiff's employment and the alleged tortious conduct occurred in Afghanistan, and Defendant resides in Ohio— Defendant moved the Central District of California to dismiss the case pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim, or in the alternative, to transfer the action to the U.S. District Court in the Southern District of Ohio. (ECF No. 11). On September 25, 2019, based on lack of personal jurisdiction, the Central District of California granted Defendant's Motion to Dismiss in part and transferred the case to the Southern District of Ohio. (ECF No. 15). Plaintiff thereafter filed an amended complaint asserting the same five causes of action under both Ohio and California law. (ECF No. 27). On November 13, 2019, Defendant filed a Partial Motion to Dismiss Plaintiff's Amended

Complaint. (ECF No. 28). On December 4, 2019, Plaintiff filed a response to Defendant's motion (ECF No. 29), to which Defendant timely replied. (ECF No. 30).

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court "must construe the complaint in the light most favorable to the plaintiff" and "accept all well-pled factual allegations as true." *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 790 (6th Cir. 2012). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations.  *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

### III.    LAW & ANALYSIS

Defendant requests that this Court grant the motion to dismiss Plaintiff's first, second, third, and fourth claims for alleged FEHA violations, arguing that FEHA—a California state law—does not apply extraterritorially to conduct in Afghanistan. (ECF No. 28). Defendant also requests that this Court dismiss Plaintiff's fifth cause of action—wrongful termination in violation of California public policy—because it is a derivative of Plaintiff's FEHA claims. *Id.* Defendant does not seek to dismiss the same claims made under Ohio law. Plaintiff opposes this motion to dismiss arguing that his status as a California resident justifies an extraterritorial application of FEHA. (ECF No. 29). Plaintiff also argues that Defendant's motion is an attempt to force a choice of law determination, which is a fact-intensive inquiry that cannot be decided before significant discovery is conducted. (ECF No. 29 at 3).

#### A.  Extraterritoriality

The United States Supreme Court recognizes a presumption against the extraterritorial application of state statutes. *Edgar v. MITE Corp.* 457 U.S. 624, 642-643 (1982). This presumption is overcome in one scenario: if the legislature clearly expresses—or it can be inferred reasonably from the language of the statute or from its purpose, subject matter, or history—that the statute is intended to apply extraterritorially. *Anderson v. CRST Intl., Inc.*, 685 Fed. Appx. 524, 525 (9th Cir. 2017) (affirming district court's grant of summary judgment on Plaintiff's FEHA claims on basis that statute did not apply to conduct occurring outside the state) (citing *N. Alaska Salmon Co. v. Pillsbury,* 174 Cal. 1, 4, 7 (1916)); *see also In WesternGeco LLC v. ION Geophysical Corp.,* 38 S. Ct. 2129, 2136, 201 L. Ed. 2d 584 (2018).

California state and federal courts, including the Ninth Circuit Court of Appeals, have repeatedly held that FEHA does not apply to conduct outside of California. *See English v. Gen. Dynamics Mission Sys., Inc.*, 808 Fed. Appx. 529, 530 (9th Cir. 2020) (affirming district court's grant of summary judgment on California resident's FEHA claims where relevant conduct took place in other states); *Campbell v. Arco Marine, Inc.,* 42 Cal. App. 4th 1850, 1852 (1996); *Gonsalves v. Insofys Technologies, LTD.,* No. C 09-04112 MHP 2010 WL 1854146, at *13-17 (N.D. Cal. May 6, 2010); *Oxford v. Operanional and Support Svcs.,* 724 F. Supp. 2d 570 (E.D. N.C. 2010).

Extraterritorial application of FEHA is determined by both the site of employment and the location of the material elements of the cause of action, even if the plaintiff is a California resident. *See English v. General Dynamics Mission Sys.* No. 18-908, 2019 U.S. Dist. LEXIS 79025 *13 (C.D. Cal. May 8, 2019) (when plaintiff is a California resident, "FEHA is inapplicable when the challenged conduct occurs outside of California; because, the concept of extraterritoriality concerns legislation that regulates conduct that occurs in a foreign jurisdiction – regardless of the plaintiff's residency) *aff'd,* 808 Fed. Appx. 529 (9th Cir. 2020); *Anderson v. CRST Int'l, Inc.,* No. 14-368, l2015 WL 1487074, at *13-15 (9th Cir. Cal., Mar. 24, 2017) (noting that FEHA does not have extraterritorial application to conduct occurring outside of California even where Plaintiff is a California resident); *Guilaid v. CH2M Hill, Inc.,* No. 15-cv-04824, 2016 WL 5673144, at *24 (N.D. Cal., Oct. 3, 2016) (noting FEHA could not be applied to conduct that occurred outside of California…Courts in this circuit have applied this extraterritoriality rule even if the plaintiff is a California resident).

Here, the site of Plaintiff's employment and the site of the alleged conduct are beyond California's boundaries. Plaintiff concedes that the alleged conduct occurred in Afghanistan and

that Plaintiff only worked for Defendant in Afghanistan. (ECF No. 27). Plaintiff also makes no allegations that any wrongful conduct was initiated in California. *Id.* Accordingly, his claims must be dismissed for failure to state a claim pursuant to FEHA.

      This determination also applies to Plaintiff's fifth cause of action, based on retaliation and wrongful termination in violation of California public policy, as set forth in the FEHA. Although the "presumption against extraterritoriality does not apply to common law claims, there are still limits on the extraterritorial application of California law." *Russo v. APL Marine Services, Ltd.*, 135 F. Supp. 3d 1089, 1096 (C.D. Cal. 2015) (dismissing common law cause of action based on same allegations as FEHA claims where alleged wrongful conduct took place on international waters), *aff'd,* 694 Fed. Appx. 585 (9th Cir. 2017). The "relevant inquiry for whether state law should be applied extraterritorially is not the location of employment or where the contract was formed, but rather whether 'the conduct which gives rise to liability ... occurs in California.'" *Id*. (citing *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 1059, 80 Cal.Rptr.2d 828, 968 P.2d 539 (1999)).

      Federal district courts applying California law routinely dismiss common law wrongful termination claims based on FEHA where those claims contain the same deficiency as the statutory claims. *See English v. Gen. Dynamics Mission Sys., Inc.*, EDCV18908JGBSHKX, 2019 WL 2619658, at *8 (C.D. Cal. May 8, 2019) (dismissing plaintiff's wrongful termination in violation of public policy claim under FEHA where claim was "based on the same underlying conduct"), *aff'd,* 808 Fed. Appx. 529 (9th Cir. 2020); *Gonsalves v. Insofys Technologies, LTD.*, No. C 09-04112 MHP 2010 WL 1854146, at *18 (N.D. Cal. May 6, 2010) (declining to apply the FEHA to plaintiff's extraterritorial claims and dismissing plaintiff's cause of action for wrongful termination in violation of California's public policy without leave to amend "[f]or the

same reasons, [because] plaintiff has not provided a sufficient connection to California law such that there is a cognizable public policy interest in claims based on out-of-state conduct."). Just as in *English* and *Gonsalves*, Plaintiff's fifth cause of action is based on the same underlying conduct as his FEHA violation claims. Since Plaintiff's claim is based on conduct that occurred outside of California, it must be dismissed for failing to state a claim upon which relief can be granted.

### B. Choice of Law

Plaintiff also argues that Defendant's motion to dismiss is essentially a dressed-up request for this Court to conduct a premature choice of law analysis. (ECF No. 29 at 3). Plaintiff argues that a choice of law analysis can only be conducted after discovery has been taken on the issue. *Id*. at 3-4.

First, Plaintiff's contention that a choice of law analysis is always premature at the motion to dismiss stage is incorrect. Courts in the Sixth and Ninth Circuits regularly conduct choice of law analyses at the motion to dismiss stage, and such an analysis is proper where the relevant facts are not disputed. *See e.g., Traverlers Prop. Cas. Co. of Am. v. Liebert Corp.*, 2:18-CV-367, 2018 WL 4604292, at *6 (S.D. Ohio Sept. 25, 2018) (conducting choice of law analysis to determine that Maryland law controls on motion to dismiss); *see also Cooper v. Tokyo Electric Power Co. Holdings, Inc.*, 960 F.3d 549, 558–59 (9th Cir. 2020) (noting that "plaintiffs cite no principle to support the argument that a court cannot decide choice-of-law issues in a motion to dismiss" and finding that district court properly considered choice of law issue where it "had all the argument and facts necessary to make its decision").

Second, this Court is not making a decision as to the law applicable to this dispute by determining that Plaintiff fails to state a claim under FEHA. By dismissing Plaintiff's FEHA

7

claims, this court takes no position on the law applicable to this case; it merely determines that if California law applies, Plaintiff fails to state a claim pursuant to FEHA. *See Johansson v. C. Garden & Pet Co.*, 804 F. Supp. 2d 257, 262 (D.N.J. 2011) (noting that defendants' motion to dismiss was not a motion for a choice of law determination but, instead was simply arguing "that regardless of what law should apply to the non-California Plaintiffs, Plaintiffs have failed to allege any facts that could support the application of California law specifically to such nonresident Plaintiffs.").

A complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a FEHA claim to be plausible, the Plaintiff's complaint must allege sufficient information to show that the wrongful conduct occurred in California. *Dodd-Owens v. Kyphon, Inc.,* No. 06-3988, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007).  Plaintiff has failed to allege any facts indicating that any of Defendant's wrongful conduct occurred in California (and in fact admits that Afghanistan was the location of employment and the wrongful conduct) and bases his California claims solely on Plaintiff's residency and the withholding of taxes in California. As indicated above, this is insufficient to state a claim pursuant to FEHA as a matter of law because both state and federal courts have determined that FEHA does not apply to conduct occurring outside the state.

While the effect of a dismissal of Plaintiff's California claims is that only the claims brought pursuant to Ohio law remain, Plaintiff remains free to raise the issue of applicable law at

a later stage.[1] After the parties have fully briefed the issue, if this Court determines that California law applies to this dispute, then Plaintiff's case must be dismissed as a whole. If, on the other hand, California's choice-of-law rules[2] require the application of Ohio, Afghan,[3] or another state's law, then Plaintiff may proceed with his claims according to the chosen state's law.

## IV.  CONCLUSION

For the reasons above, Defendant's Partial Motion to Dismiss Plaintiff's claims brought pursuant to California law is **GRANTED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 1, 2020**

---

[1] This inquiry can be brought in relation to Plaintiff's common law claim for wrongful termination in his fifth cause of action. Plaintiff's Ohio statutory claims, on the other hand, must be analyzed pursuant to Ohio law because the "substantive immunities and defenses available against a particular cause of action are governed by the same source of law that provides the cause of action." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 156 (2d Cir. 2013) (citing *Ferri v. Ackerman,* 444 U.S. 193, 198 (1979) ("[W]hen state law creates a cause of action, the State is free to define the defenses to that claim, including the defense of immunity, unless, of course, the state rule is in conflict with federal law.")).

[2] Plaintiff appears to argue that in conducting a choice-of-law analysis, Ohio's choice-of-law rules would apply. (ECF No. 29 at 3-4). Plaintiff is incorrect. Typically, Federal Courts must apply the choice of law rules of the forum state in diversity cases. *See Muncie Power Prod., Inc. v. United Techs. Auto., Inc.,* 328 F.3d 870, 873 (6th Cir. 2003) ("Federal courts sitting in diversity must apply the choice-of-law rules of the forum state"). When a case is transferred pursuant to 28 U.S.C. § 1404(a), as was done here, the court hearing the case is required to apply the choice-of-law rules of the transferring court. *See Traverlers Prop. Cas. Co. of Am. v. Liebert Corp.*, 2:18-CV-367, 2018 WL 4604292, at *3 (S.D. Ohio Sept. 25, 2018) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)). Here, California choice-of-law rules would apply because the case was transferred from California.

[3] California choice of law rules, as stated in the "governmental interests test," might permit the application of Aghan law. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 963 (9th Cir. 2017) (applying California choice-of-law rules and determining that Spanish law applied to dispute).